IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA M. S., | ) | |
| | ) | No. 20 C 7062 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Lisa M. S. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

**Background**

On August 28, 2015, plaintiff filed applications for benefits, which were denied initially, on reconsideration, and after a hearing. (R. 193-202, 154-55, 188-89.) On November 21, 2019, the Appeals Council remanded the case to the ALJ for further proceedings. (R. 210-11.) On May 22, 2020, after holding another hearing, the ALJ again denied plaintiff's applications. (R. 13-31.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2); 416.960(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of March 27, 2014. (R. 16.) At step two, the ALJ determined that plaintiff has the severe impairments of right eye blindness, bilateral cataracts, asthma, status-

post repaired bilateral retinal detachments, obesity, mild scoliosis, and degenerative disc disease of the lumbar spine. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 18.) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the RFC to perform light work with certain exceptions. (R. 20-29.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 30-31.)

Plaintiff contends the ALJ's finding that plaintiff's right eye blindness and left eye visual impairment do not meet or equal listing 2.02 is erroneous. *See* Social Security Listing of Impairments § 2.02, *available at* https://www.ssa.gov/disability/professionals/bluebook (last visited Nov. 5, 2021) (listing 2.02 is met if "[r]emaining vision in the better eye after best correction is 20/200 or less"). The ALJ said:

> The record does not support that remaining vision in the better eye after best correction is 20/200 or less. Rather, the record shows that the claimant's vision in her left eye was 20/40 -1 at the most recent examination. Additionally, Dr. Betten, the impartial medical expert, specifically opined that the claimant neither meets nor medically equals listing 2.02.

(R. 19; *see* R. 45-46 (Dr. Betten testifying that the vision in plaintiff's left eye was 20/200 or less for a seven-month period, August 15, 2015 through March 24, 2016); *see* 42 U.S.C. § 423(d)(1)(A) (defining "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").

Plaintiff says that Dr. Betten, and thus the ALJ, ignored evidence showing that the vision in her left eye fluctuated after March 2016. On the contrary, Dr. Betten acknowledged that plaintiff's left eye vision was not static over time, but he also said it was not at listing-level severity

3

for a continuous twelve-month period. (*See* R. 50 (Dr. Betten testifying that, "[t]he eye will fluctuate. But, if you look at the general examination from, say, June of 2016, when she had a cataract removed in her left eye, her vision has always been 20/40, 20/60. One time, it was 20/200. That was in July 2016. But, otherwise, the 20/70, 20/80, 20/40, 20/40 plus two.").) Because plaintiff does not identify evidence that contradicts Dr. Betten's testimony, the ALJ's reliance on it to conclude that plaintiff does not meet listing 2.02 is sound.

Even if plaintiff's impairments do not equal listing 2.02, she argues that they are medically equivalent to it. An impairment is medically equivalent to a listing "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a). The ALJ is tasked with making the ultimate determination on equivalency, but "longstanding policy requires that the judgment of a physician . . . designated by the Commissioner on the issue of equivalence . . . must be received into the record as expert opinion evidence and given appropriate weight." SSR 96-6P, 1996 WL 374180, at *3 (July 2, 1996). Dr. Betten provided the expert opinion that plaintiff's visual impairments do not equal listing 2.02, and the ALJ reasonably relied on it. (R. 19 (citing R. 45).)

Next, plaintiff argues that the RFC does not adequately account for her visual impairments. In relevant part, the RFC limits plaintiff to: (1) lifting ten pounds occasionally and five pounds frequently "to avoid putting stress or pressure on [her] eyes;" (2) "occupations in which fine depth perception is not required;" and (3) occupations without exposure to dangerous moving machinery" or unprotected heights "to account for her visual impairment and complaints of difficulty seeing clearly." (R. 25.) Plaintiff argues that these limitations are insufficient to accommodate her left eye blurriness. (ECF 15 at 11.) The record shows that plaintiff complained intermittently about blurred vision in her left eye. (*See, e.g.*, R. 625-30, 772, 782, 799, 895.) But

4

neither her treaters nor Dr. Betten said that plaintiff needed additional accommodations for blurred vision, and she has identified none. Accordingly, the RFC with respect to plaintiff's visual impairments is supported by substantial evidence. *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019 (per curiam) (upholding RFC determination saying, "[i]t is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none."); *Martin v. Saul*, No. 19-CV-795-JDP, 2020 WL 2847526, at *2 (W.D. Wis. June 2, 2020) ("The bottom line is that Martin can't simply say that the ALJ failed to account for limitations related to concentration, persistence, or pace; she must identify additional restrictions that are supported by the evidence.").

Plaintiff also contends that the RFC fails to accommodate her anxiety, an impairment the ALJ found to be non-severe. (R. 17); *see Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (per curiam) ("When determining a claimant's RFC, the ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment."). Plaintiff's argument is premised on the opinion of consultative psychiatrist, Rama Nadella, who opined that plaintiff was moderately limited in her ability to: (1) perform work activities on a consistent basis and without additional supervision; (2) complete a workday without interruption; (3) accept instruction from supervisors; and (4) interact with the public, coworkers, and supervisors. (R. 677-78.)

The ALJ gave little weight to Dr. Nadella's opinions because they were inconsistent with the opinions of three other psychological consultants, Drs. Nicholson, Eeltink, and Weiss, all of whom said plaintiff was only mildly limited in these areas, and the opinions were not supported by the medical evidence, including Dr. Nadella's own report. (R. 27 (noting that Dr. Nadella's report says "[plaintiff's] thoughts were coherent and organized, her speech was normal and clearly

5

articulated, she appeared to be of average intelligence, and her insight and judgment appeared intact.") (citing R. 677-78).) Because the ALJ explained with reference to the record why he rejected Dr. Nadella's opinions, his assessment of the doctor's opinions is supported by substantial evidence.

Plaintiff's final argument is that the RFC fails to account for her "extreme obesity." (ECF 15 at 14.) In reality, the ALJ recognized plaintiff's obesity as a severe impairment and determined that, alone or in combination with her other impairments, it was not disabling. (R. 16, 19.) However, even if the ALJ erred in his consideration of plaintiff's obesity, any error was harmless because "'[plaintiff] did not explain how her obesity hampers her ability to work.'" *Rennaker v. Saul*, 820 F. App'x 474, 481 (7th Cir. 2020) (quoting *Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015)). Absent such an explanation, the ALJ's consideration of plaintiff's obesity is not a basis for remand.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [20], denies plaintiff's motion for summary judgment [15], and terminates this case.

**SO ORDERED.**                    **ENTERED:** November 9, 2021

**M. David Weisman**
**United States Magistrate Judge**